THOMAS v. BOSTON & M. R. R.

(Circuit Court of Appeals, First Circuit. January 15, 1915.)

No. 1099.

MASTER AND SERVANT ☞256—INJURIES TO SERVANT—FEDERAL EMPLOYERS' LIABILITY ACT—INTERSTATE COMMERCE—DECLARATION—CONSTRUCTION— "ENGAGED IN INTERSTATE COMMERCE."

Plaintiff, a railroad carpenter, was injured by the fall of a timber while working on a roundhouse, which had been partially destroyed by fire and which had been previously used to house engines used by defendant in interstate commerce. The declaration alleged that on the day of the injury the roundhouse had been partially damaged by fire, in consequence whereof it became necessary for defendant, for the conduct of its interstate commerce, to tear down so much thereof as was so damaged and rebuild the same, and that the defendant was undertaking to tear down and rebuild such roundhouse, with the intent and for the purpose of

again using it in interstate commerce, and that plaintiff was then and there employed on such work. *Held*, that such allegation warranted a construction that the damage which plaintiff was repairing was a partial damage to the structure, temporarily suspending its former use, and not damage requiring the complete removal of the roundhouse to permit the construction of a new one, and as so construed stated a cause of action for injury to plaintiff while engaged in interstate commerce, under the rule that one engaged in repairing an instrumentality of interstate commerce may be engaged in such commerce.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 809-812, 815; Dec. Dig. ☞256.

For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.

Employés engaged in interstate commerce within Employers' Liability Act, see Baltimore & O. R. Co. v. Darr, 124 C. C. A. 571.]

In Error to the District Court of the United States for the District of New Hampshire; Edgar Aldrich, Judge.

Action by Gordon Thomas against the Boston & Maine Railroad. From a judgment sustaining a demurrer to the declaration (218 Fed. 143) plaintiff brings error. Reversed and remanded.

Louis E. Wyman, of Manchester, N. H. (David A. Taggart and Taggart, Burroughs, Wyman & McLane, all of Manchester, N. H., on the brief), for plaintiff in error.

Oliver E. Branch, of Manchester, N. H. (Branch & Branch, of Manchester, N. H., on the brief), for defendant in error.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

DODGE, Circuit Judge. The error assigned by the plaintiff is the sustaining of a demurrer to his declaration, in which he has described both himself and the defendant as citizens of New Hampshire, and has expressly based his suit upon the federal Employers' Liability Act.

According to his declaration, the plaintiff was in the defendant's continuous employ as a carpenter, and was injured by the falling of a timber, while engaged in work upon a roundhouse owned and operated by the defendant. The injury is charged to have been in consequence of negligence on the part of the defendant, its agents, or servants.

The question raised by the demurrer is whether or not the plaintiff's allegations sufficiently show him to have been employed in interstate commerce within the meaning of the act, at the time of his injury. The declaration sets forth that, at and before that time, the roundhouse referred to constituted a part of the appliances or equipment used by the defendant while engaging in such commerce, "for the purpose of housing and storing * * * the engines used by it in such interstate commerce."

The District Court understood the declaration as follows:

"According to the declaration, the plaintiff was engaged in tearing down a roundhouse, or that part of it, which had been rendered useless by the fire, and was injured, not by an instrumentality being actively used in interstate commerce, but by a falling timber.

"The active function of the roundhouse as an instrumentality in interstate

business has ceased to exist, and the employment, therefore, was in connection with the removal of a useless structure, to the end that a new one might be created for railroad purposes, and very likely for uses in connection with interstate commerce."

The plaintiff denies that his allegations warrant the statement that the roundhouse had ceased to exist as an instrumentality in interstate business, or the statement that his employment was in removing a useless structure to the end that it might be replaced by a new one.

The allegations here in question are as follows:

"That [on the alleged day of the injury] said roundhouse was partially damaged by fire, in consequence whereof it became necessary for said defendant for the conduct of its interstate commerce to tear down so much thereof as was damaged by fire and to rebuild the same, and that said defendant * * * was undertaking to tear down and rebuild said roundhouse, with the intent and for the purpose of again using the same in such interstate commerce; that said plaintiff was then and there employed * * * on said work."

While this is not wholly consistent, we do not think it must necessarily be understood in the sense attributed to it by the District Court. We think it may fairly be taken as alleging that the damage which the plaintiff was repairing was partial damage to the structure, temporarily suspending its former regular use, instead of damage requiring its complete removal, in order to permit the construction of a wholly new structure to begin.

So construed, we think the declaration states a case within the act. One engaged in repairing an instrumentality of interstate commerce may be engaged in such commerce. Pedersen v. Delaware, etc., Co., 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153. In Law v. Illinois Central, etc., Co., 208 Fed. 869, 126 C. C. A. 27, the plaintiff employé was repairing an engine, regularly used for interstate transportation, but at the time, and for 21 days before his injury, dismantled and in the repair shop where his injury was sustained. Two days later, its former use was resumed. The Court of Appeals for the Sixth Circuit held that the suit was maintainable under the act.

The judgment of the District Court is therefore reversed, and the case remanded to that court for further proceedings not inconsistent with this opinion; and the plaintiff in error recovers his costs in this court.